UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-80841-CIV-MARRA

SALLY SMALL AS GUARDIAN FOR
KEANNA SMALL,

    Plaintiff,

vs.

FORD MOTOR COMPANY, a Delaware
Corporation, and BREED TECHNOLOGIES,
INC., k/n/a KEY SAFETY SYSTEMS, INC.,

    Defendants.
_____/

**OPINION AND ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion for Leave to File Amended Pleading [DE 8] and Plaintiff's Motion to Remand [DE 9]. The Court has reviewed all papers submitted by the parties in connection with these motions, the entire file in the case, and is otherwise duly advised in the premises.

**BACKGROUND**

This case arises out of a rollover car accident on June 20, 2011 involving a Ford Explorer [DE 1-2, at 7 ¶4, ¶8]. Plaintiff, a passenger in this vehicle, was ejected from the vehicle, allegedly due to defects in the design and manufacture of the passenger restraint system; the rear panel and glass; the vehicle's suspension; and the interior components and padding [DE 1-2 at 9-10, ¶17]. Plaintiff filed a complaint in state court against Ford Motor Company ("Ford"), the manufacturer of

1

the Ford Explorer, and Breed Technologies, Inc., k/n/a Key Safety Systems, Inc. ("Breed"), the manufacturer of the seatbelt system, which was served on July 9, 2012 [DE 1-2 at 2]. The Defendants removed the case to this Court on August 8, 2012 [DE 1].

On September 7, 2012, Plaintiff moved for leave to file an amended pleading adding as a defendant, South Florida Auto Auction of Fort Lauderdale, LLC ("Auto Auction"), a Florida company that allegedly sold the used Ford Explorer to the owner at the time of the accident [DE 8 at 1,¶2, DE 17-1at 2, ¶6]. Plaintiff also moved to remand the action on the basis that the inclusion of Auto Auction, a non-diverse Defendant, will destroy diversity jurisdiction.

Defendants oppose both the amendment of the Complaint and the remand. Defendants invoke 28 U.S.C. § 1447(e) in arguing that the Court should deny joinder of the non-diverse defendant post-removal. Defendants claim: (1) the clear purpose behind the motion to amend is to defeat federal jurisdiction; (2) Plaintiff was dilatory in alleging a claim against Auto Auction; and (3) Plaintiff will not be injured if the amendment is not allowed. [DE 10 at 6-13]. In response, Plaintiff argues that she moved to amend the complaint timely, stating that she only learned the identity of Auto Auction after filing the original complaint and the removal to this Court [DE 17 at 3, ¶8]. If the amendment is not granted, Plaintiff complains that she will be prejudiced by having to proceed in both state and Federal court at the same time, increasing her costs and the risk of inconsistent rulings [DE 17 at 4-5, ¶15].

## DISCUSSION

Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). A district court faced

with the issue of whether to permit or deny the joinder of a non-diverse party has two options: (1) deny joinder or (2) permit joinder and remand the case to state court. Ingram v. CSX Transportation, Inc., 146 F.3d 858, 862 (11th Cir.1998). The decision is committed to the sound discretion of the district court. Mayes v. Rapoport, 198 F.3d 457, 462 (4th Cir.1999); Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir.1987);[1] Seropian v. Wachovia Bank, N.A., No. 10-80397-CIV, 2010 WL 2822195, at * 2 (S.D. Fla. July 16, 2010).

Because the Court's decision will determine the continuance of jurisdiction, the addition of a non-diverse party should not be permitted without consideration of the original defendant's interest in the choice of the federal forum. Hensgens, 833 F.2d at 1182. Hence, the district court should scrutinize a motion to amend to join a non-diverse party more closely than a motion to amend under Rule 15 of the Federal Rules of Civil Procedure, id.; see Kleopa v. Prudential Inv. Management, Inc., No. 08-81386-CIV, 2009 WL 2242606, at * 2 (S.D. Fla. 2009), and should deny leave to amend unless strong equities support the amendment. Smith v. White Consol. Industries, Inc., 229 F. Supp. 2d 1275, 1281 (N.D. Ala. 2002).

The Court notes that, "[i]n balancing the equities, the parties do not start out on an equal footing." Sexton v. G & K Services, Inc., 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999). This is because of the diverse defendant's right to choose between a state or federal forum. Bevels v. American States Ins. Co., 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000). Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes. Id. (citing Hensgens, 833 F.2d. at 1181). Just as plaintiffs have the right to choose to sue in state court when

---

[1] Although Hensgens was decided before the enactment of § 1447(e), the factors outlined therein continue to guide district courts in deciding whether to permit or deny joinder in removal cases.

complete diversity does not exist, non-resident defendants have the right to remove to and litigate in federal court when diversity of citizenship does exist. Id.

In deciding whether to permit or deny joinder, the district court must balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. Hensgens at 1182. In applying this balancing test, the district court should consider: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities. Id.; Mayes, 198 F.3d at 462; Duckworth v. State Farm Mutual Auto Ins. Co., No. 6:07-cv-2014-Orl-22DAB, 2008 WL 495380, at * 1 (M.D. Fla. Feb. 20, 2008); Portis v. Wal-Mart Stores, Inc., No. 07-0557-WS-C, 2007 WL 3086011, at * 3 (S.D. Ala. Oct. 19, 2007); Jones v. Rent-A-Center East, Inc., 356 F. Supp. 2d 1273, 1275 (M.D. Ala. 2005).

Here, the timing and substance of the proposed amendment strongly supports a finding that Plaintiff's motivation is to destroy diversity jurisdiction. Plaintiff seeks to add a non-diverse defendant immediately after removal but before discovery, which suggests that the amendment is done with "specific purpose of destroying diversity jurisdiction." Ibis Villas at Miami Gardens Condo Ass'n, Inc. v. Aspen Speciality Ins. Co., 799 F. Supp. 2d 1333, 1335 (S.D. Fla. 2011) (citing Mayes, 198 F.3d at 463 ("We emphasize that the district court was correct to carefully scrutinize Mayes's attempt to add a nondiverse defendant after removal. Especially where, as here, a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction.").

Plaintiff submitted an affidavit from Terry Bowersock, a paralegal employed by Plaintiff's attorney, to try to demonstrate that Plaintiff was not dilatory in seeking to add Auto Auction as a defendant [DE 17-1]. He indicates that he "was charged with the task of locating the motor vehicle involved in the accident . . . and to also locate the seller of the automobile to . . . the owner of the vehicle at the time of the accident, so that this seller could be added as a Defendant in this cause." Id. at 1-2, ¶2. He does not indicate when Plaintiff retained his law firm or when he was so charged, only that he identified Auto Auction on September 5, 2012. The Court notes that the accident occurred over a year before Plaintiff sought to add Auto Auction as a party. Furthermore, no explanation is given for why Plaintiff's counsel did not wait to file the state court complaint until Mr. Bowersock completed his investigation. Most importantly, Plaintiff has at least one fully solvent defendant (Ford Motor Company) who will be able to satisfy any judgment obtained in this case. Thus, the attempt, after removal, to add a non-diverse defendant that is almost certainly less financially sound, and in all likelihood less culpable, than the manufacturer and designer of the vehicle and the seatbelt system at issue, is clearly designed to defeat federal jurisdiction.

Next, the Court finds that Plaintiff will not be significantly prejudiced if this amendment is not allowed. There has been no showing by Plaintiff that she will not be able to obtain full relief on her claims in this Court without the presence of Auto Auction as a defendant. Plaintiff can obtain a judgment against Ford and Breed without the presence of Auto Auction; discovery will allow Plaintiff access to the same information with or without Auto Auction in this case; there has been no suggestion that Ford and Breed would be unable to satisfy a judgment; and Plaintiff is free to sue Auto Auction in state court should she wish to do so. See Seropian, 2010 WL 2822195, at * 4 (citing Bevels v. American States Ins. Co., 100 F. Supp. 2d 1309, 1314 (M.D. Ala. 2000); Sexton

v. G & K Servs., Inc., 51 F. Supp. 2d 1311, 1314 (M.D. Ala. 1999)).

The Court notes that parallel lawsuits may cause Plaintiff to bear additional costs and time and does not serve the purpose of judicial economy. See Seropian, 2010 WL 2822195 at * 5 (citing Godwin v. National Union Fire Ins. Co. of Pittsburgh, Inc., No. 2:05CV783-SRW (WO), 2006 WL 3924795, at * 3 (M.D. Ala. 2006) (noting "the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources")). Nonetheless, the Court concludes that the balance of the equities weighs against allowing the amendment. The likelihood that Plaintiff will actually pursue a claim in state court against Auto Action is remote given that Ford, and most probably Breed, are fully solvent defendants.

In sum, by applying the Hensgens factors relevant to a district court's exercise of discretion under 28 U.S.C. § 1447(e), the Court finds that the factors militate against allowing Plaintiff to amend the Complaint to destroy complete diversity.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Leave to File Amended Pleading **[DE 8]** and Plaintiff's Motion to Remand **[DE 9]** are **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of February, 2013.

_____
KENNETH A. MARRA
United States District Judge

6