IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

Case No. 9:12-cv-80841-KAM

SALLY SMALL, as Guardian of
KEANNA SMALL,

    Plaintiff,

v.

FORD MOTOR COMPANY, a Delaware
Corporation, and BREED TECHNOLOGIES, INC.,
n/k/a KEY SAFETY SYSTEMS, INC.,

    Defendants.

_____

### PLAINTIFF'S MEMORANDUM OF LAW OPPOSING DEFENDANT FORD MOTOR COMPANY'S MOTION TO TAX COSTS

Plaintiff Sally Small as Guardian of Keanna Small, by and through counsel, respectfully submits this her Memorandum of Law Opposing Defendant Ford Motor Company's Motion to Tax Costs ("motion"). As discussed below, the Court should exercise its discretion to deny Defendant's motion, because the issues in the case were close and complex and Plaintiff Sally Small is indigent and facing tremendous costs for the care of her injured daughter, Keanna Small.

Alternatively, Defendant's motion should be denied to the extent the Bill of Costs contains items that are not recoverable as litigation costs under controlling federal law. Defendant's request for costs associated with routine overhead expenses, including pro hac vice fees, should be denied because those costs are not compensable under § 1920. In addition, Defendant's request for excessive service fees, including rush fees, multiple service charges on the same witness, and additional address fees should be denied, as these fees are not taxable.

Therefore, Plaintiff sets forth a Memorandum of Law below detailing the specific items that are not recoverable as litigation costs in this case. Accordingly, Plaintiffs respectfully request that the Court deny Defendant's motion for costs in its entirety or alternatively, as explained below, deny it in part.

## BACKGROUND

Plaintiff in this case is an indigent single mother, faced with the great financial responsibility of caring for her severely brain-damaged daughter, Keanna Small. In 2012, Ms. Small filed a civil complaint against Ford Motor Company and Key Safety Systems, and tried her claims in a jury trial that commenced on August 25, 2014. This Court entered judgment in Defendant's favor on September 11, 2014.

Defendant Ford Motor Company ("FMC") filed a Motion to Tax Costs (Doc. 252), on September 25, 2014, seeking taxation of costs in the amount of $28,527.82 against Plaintiff Sally Small. FMC seeks to recover taxable costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.

## MEMORANDUM OF LAW

### I. Pertinent Rule and Statutes

Federal Rule of Civil Procedure 54 provides that a prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute. *See* Fed.R.Civ.P. 54(d)(1). The applicable statutes referred to in the rule include *28 U.S.C. §§ 1920* and *1921*, which delineate which costs are recoverable under Rule 54(d). The Court has the discretion to award those costs specifically enumerated in section 1920, and may not tax as costs any items not included in that statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Morrison v. Reichold Chems., Inc.*, 97 F.3d 460 (11th Cir. 1996).

While it is the court's discretion to refuse to award costs, the court does not have discretion to award costs beyond those specifically enumerated in § 1920, absent explicit statutory authorization to the contrary. *Crawford Fitting Co.* at 445; *EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) ("a court may only tax costs as authorized by statute"); *Cline v. Home Quality Mgmt., Inc.*, CASE NO. 01-9016-CIV-MOORE/O'SULLIVAN, 2005 LEXIS 44733, at *17 (S.D. Fla. May 18, 2005) ("[I]n exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920."). Furthermore, the Court can only award costs that are "adequately described and documented." *Scelta v. Delicatessen Support Servs., Inc.*, 203 F.Supp.2d 1328, 1340 (M.D. Fla, 2002).

A court may exercise its discretion to deny costs where the issue presented is a close or difficult legal question. *See Haden Zia v. Med Staffing Network, Inc.*, 336 F. Supp. 2d 1306, 1310 (S.D. Fla. 2004) (denying costs where issue presented was a "close legal question."); *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004) (denying costs to a prevailing party may be warranted when issues in case are difficult and close).

After the prevailing party files a verified bill of costs with the clerk, the opposing party may object. *Arcadian Fertilizer, L.P. v. MPW Indus. Serv., Inc.* 249 F.3d 1293, 1296 (11th Cir. 2001).

Section 1920 provides that the following costs may be taxed as costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;

    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Section 1921(a)(1) provides:

"The United States marshals or deputy marshals shall routinely collect, and a court may tax as costs, fees for the following:

  (A) Serving a writ of possession, partition, execution, attachment in rem, or libel in admiralty, warrant, attachment, summons, complaints, or any other writ, order or process in any case or proceeding.
  (B) Serving a subpoena or summons for a witness or appraiser.
  (C) Forwarding any writ, order, or process to another judicial district for service.
  (D) The preparation of any notice of sale, proclamation in admiralty, or other public notice or bill of sale.
  (E) The keeping of attached property …
  (F) Copies of write or other papers furnished at the request of any party.
  (G) Necessary travel in serving or endeavoring to serve any process, writ, or order, except in the District of Columbia, with mileage to be computed from the place where service is returnable to the place of service or endeavor.
  (H) Overtime expenses incurred by deputy marshals in the courts of serving or executing civil process.

### A. Service of Process or Subpoenas

"Fees of the clerk and marshal" may be taxed as costs. *28 U.S.C. § 1920(1).* Section 1921 also states that the "Attorney General shall from time to time prescribe by regulation the fees to be taxed and collected under [§ 1921(a)]." *28 U.S.C. § 1920(b).* The Attorney General prescribes a fee of $55.00 per hour for "process served or executed personally ... for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3). An additional fee of $ 55.00 per hour plus costs and expenses is charged for each additional U.S. Marshals Service employee, agent, or contractor "who is needed to serve process ..." *Id.* While section 1920(1) only mentions fees of the United States Marshal, fees of a private process server may be taxed, so long as they do not exceed the statutory fees authorized in § 1921. *EEOC v. W & O, Inc., 213 F.3d 600, 624 (11th Cir. 2000).*

### B. Costs for Transcripts

Section 1920(2) authorizes the taxation of costs for the "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," which includes the costs of deposition transcripts. *See* 28 U.S.C. § 1920(2); *EEOC*, 213 F.3d at 620; *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002). Costs for depositions transcripts are taxable only if the deposition was "necessarily obtained" for use in the case. *EEOC, 213 F.3d at 621*. Where deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable. *Id.*

## II. Analysis

### A. Service of Summons and Subpoenas

Plaintiff objects to certain costs related to the service of subpoenas to all potential witnesses for which Defendant provided invoices attached as Exhibit A of its motion. There are several invoices appearing to evidence multiple services on each person. The Defendants had ample time to serve potential witnesses for trial beforehand, without waiting until the last minute thereby incurring a rush delivery fee. Any need for expediting the service of the seven or so out of the eleven people on which subpoenas were served, is a cost incurred only for the convenience of counsel. Furthermore, the additional fees for additional addresses where the person only has one primary place of residence or employment is not a taxable cost.

As such, the amount charged over the process server's normal service rate should not be taxable. The Court should instead reduce the cost of service of all subpoenas to the rate the process server charged the Defendants less the additional and non-taxable fees.

### B. Expedited, Condensed, and other Types of Deposition Transcripts

This Court should follow the Middle District's ruling that digitization, synchronization, and other video manipulation charges are not taxable costs. *See Waste Services, Inc. v. Waste*

*Management, Inc.*, 2007 WL 1174116 *4-5 (M.D. Fla. 2007).  While a district court may permit a prevailing party to recoup costs associated with a videotaped deposition where the deposition was noticed as such, the prevailing party should be required to proffer some justification for videotaping.  *Air Turbine Technology, Inc. v. Atlas Copco AB*, 2008 WL 544731 *3 (S.D. Fla. Feb. 26, 2008)(video recordings are a convenience to the parties and not necessary to prepare for trial or present evidence); *Ferguson v. Bombardier Services Corp.*, 2007 WL 601921 [**17]  *4 (M.D. Fla. 2007)(where prevailing defendants (1) failed to exercise discretion in submitting their costs for the depositions sought to be taxed which included the costs for video *and* stenographic depositions, (2) failed to submit any argument concerning why they should be entitled to be reimbursed for the costs of *both* types of records, and (3) failed to explain why both types were necessary to prepare for trial, the video costs were denied).

Defendants have included embedded non-recoverable costs relating to the depositions and thus have failed to exercise discretion in submitting their costs for the depositions Defendant sought to be taxed.  Furthermore, Defendants have not provided any argument to explain why both types of depositions were necessary to prepare for trial and/or why video depositions were necessary.

## C. Fees and Disbursements for Printing

Plaintiff also objects to the taxation of the invoices provided for copies and other document preparation.  Defendant attaches several invoices that lists and/or describe, to some extent, printing, copying and other charges that, without further explanation, can only be assumed to be costs necessarily incurred for the purpose of use in this case, and not for something else or simply for convenience.

## D. Defendant's Pro Hac Vice Fee is Unrecoverable Regular Overhead

Defendant requests that the court tax a fee associated with his counsel's pro hac vice motion.  Pro hac vice fees, however, fall outside the categories of expenses enumerated under § 1920.  Therefore, this fee may not be taxed and should be stricken from Defendant's bill of costs.

*Eagle Ins. Co. v. Johnson*, 982 F. Supp. 1456, 1459-60 (M.D. Ala. 1997), *aff'd*, 162 F.3d 98 (11th Cir. 1998) (pro hac vice fee not taxable as cost);  *Sanflippo v. Comm'r of Soc. Sec.,* Case No: 8:04-CV-2079-T-27MSS, 2008 U.S. Dist. LEXIS 36619, at **15-16 (M.D. Fla. May 5, 2008) (pro hac vice fee not taxable); *Cathey v. Sweeney*, cv-205-202, 2007 U.S. Dist. LEXIS 33595, at *4 (S.D. Ga. May 8, 2007) ("The pro hac vice fee is an expense of counsel, not the client, and is thus not recoverable.")

### E.  Fees for Witnesses

Defendant's request reimbursement for fees paid to witnesses.  Only witnesses that appeared at trial should be taxed.  Furthermore, a copy of a check that Defendant's purport to have sent to each individual *witness*, does not show proof of payment.  This fee should be reduced to the witnesses that were in fact compensated for being a Defendant witness.

### III. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion for Costs in its entirety; or alternatively, deny in part Defendants motion for any and all non-taxable costs.

Respectfully submitted,

**GARY, WILLIAMS, PARENTI  
& WATSON, P.L.L.C.**  
Attorneys for Plaintiff  
221 South East Osceola Street  
Stuart, Florida 34994  
Tel: 772-283-8260  
Fax: 772-283-4996  
Email: LW@williegary.com

By:     /s/ Lorenzo Williams

Marjorie Gadarian-Graham, Esq.
MARJORIE GADARIAN GRAHAM, P.A.
1211 Prosperity Farms Road
Oakpark – Suite D 129
Palm Beach Gardens, Florida 33410
Telephone: (561) 775-1204
Facsimile:  (561) 624-4460
Email:  Monica@appeal.com
*Co-Counsel for Plaintiff*

John M. Lowery, Esq.
Lee & Fairman, LLP
127 East Michigan Street
Indianapolis, IN 46202
Telephone: (317) 631-5151
Email: jlowery@nleelaw.com
*Co-Counsel for Plaintiff*
*(Admitted Pro Hac Vice)*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on October 9, 2014, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify a true and correct copy of the foregoing was served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                   /s/ Lorenzo Williams

## SERVICE LIST

Sergio V. Medina, Esq.
Dustin A. Lane, Esq.
John C. Seipp, Jr., Esq.
Donald A. Blackwell, Esq.
SEIPP, FLICK & HOSLEY, LLP
Two Alahambra Plaza, Suite 800
Miami, Florida 33134-5214
Telephone: (305) 995-5600
Facsimile: (305) 995-6090
smedina@seippflick.com
dlane@seippflick.com
jseipp@seippflick.com
dblackwell@seippflick.com
**VIA CM/ECF**

Gregory M. Cesarano, Esq.
CARLTON FIELDS, P.A.
100 S.E. Second Street, Ste. 4200
Miami, FL 33131
Telephone: (305) 539-7417
Facsimile: (305) 530-0055
Email: gcesarano@cfjblaw.com
**VIA CM/ECF**