UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-80841-CIV-MARRA

SALLY SMALL, as Guardian for KEANNA SMALL,

     Plaintiff,

v.

FORD MOTOR COMPANY, a Delaware
Corporation, and BREED TECHNOLOGIES, INC.,
n/k/a KEY SAFETY SYSTEMS, INC.,

     Defendants.

_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant Key Safety Systems, Inc.'s Motion to Tax Costs [DE 253] .  The motion is fully briefed and ripe for review.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

Defendant seeks costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920. Plaintiff asks the Court to deny KSS's motion, arguing that the issues in the case were close and complex, and Sally Small is indigent and facing high costs for the care of her daughter. [DE 256].  Alternatively, Plaintiff argues that the amounts requested should be reduced because they are either not compensable under the relevant statute or are excessive.  Plaintiff also argues that the motion should be denied for failing to comply with Local Rule 7.3.

"Rule 54(d)(1) provides that 'costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs.' That provision establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with

discretion to decide otherwise." *Chapman v. AI Transportation*, 229 F.3d 1012, 1038 (11th Cir.

2000).  *Chapman* further states:

> We hold that a non-prevailing party's financial status is a factor that a district
> court may, but need not, consider in its award of costs pursuant to Rule 54(d). . . .
> If a district court in determining the amount of costs to award chooses to consider
> the non-prevailing party's financial status, it should require substantial
> documentation of a true inability to pay. . . . Even in those rare circumstances
> where the non-prevailing party's financial circumstances are considered in
> determining the amount of costs to be awarded, a court may not decline to award
> any costs at all. . . .Subject to that restriction and to the requirement that there be
> clear proof of the non-prevailing party's dire financial circumstances before that
> factor can be considered, we leave it to the district court's discretion whether to do
> so in a particular case.

*Id*. at 1039 (citations omitted).[1]

Even assuming Plaintiff's characterization of this case as close and complex is accurate,

the Court does not deem that justification to deny Defendant reimbursement of reasonable costs

it incurred in defending this case.  Furthermore, there is nothing before the Court documenting

Plaintiff's financial status other than the statement of Counsel.  This is insufficient to overcome

the presumption that costs should be awarded to the prevailing party. Even if evidence of

financial status had been presented, in light of the Eleventh Circuit's admonition that a court may

not decline to award any costs at all, the Court would award the reduced costs set forth herein,

---

[1]Plaintiff argues that a Court **must** consider the ability to pay of the party subject to costs.
[DE 256 at 8]. The case Plaintiff cites, however, *Bullard v. Downs*, 161 Fed. Appx. 886, 887
(11th Cir. 2006), involved an award of attorneys' fees, not costs.  The Court considers the
Eleventh Circuit's discussion in *Chapman* to be applicable to the instant case.  Plaintiff further
argues that given the financial circumstances of the non-prevailing party, the amount of costs
must not be so large that they conflict with common sense, citing to *Martin v. Automobili
Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1337 (11th Cir. 2002).  *Martin*, however, is a
sanctions case, not a case regarding the awarding of costs under the statute at issue here.  As
noted herein, the Court finds the costs it is awarding to be fair and reasonable.

which the Court deems to be fair and reasonable.  Nor does the Court view any failure to comply with Local Rule 7.3 as warranting a denial of Defendant's motion.

Although the decision to award costs is discretionary with the Court, it may only tax those items specifically enumerated in 28 U.S.C. § 1920, absent alternative statutory authority. *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). The particular items that may be taxed as costs are set out in 28 U.S.C. § 1920 as follows:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

KSS seeks costs in the amount of $26,778.64, consisting of $196.50 for fees of the Clerk; $930.00 for service of summonses and subpoenas; $5,550.87 for transcripts; $8,701.27 for printing; and $11,400.00 for copies. [DE 253-1 at 1].

Of the $196.50 sought in Clerk's fees, $150.00 is for applications for admission to the bar of this Court *pro hac vice*.  This is not a permissible item to be taxed as a cost, and is, therefore, denied.  *Eagle Ins. Co. v. Johnson*, 982 F. Supp. 1456, 1459-60 (M.D. Ala. 1997), *aff'd* 162 F.3d 98 (11th Cir. 1998).  The remainder, or $46.50, is for the cost of copies obtained at the Court. This is not the type of Clerk's fee recoverable under this section.  Nor has KSS demonstrated that

3

these photocopies were necessary as opposed to a convenience for counsel.  This amount will, therefore, also be disallowed.

Pursuant to § 1920(1), "[f]ees of the clerk and marshal" may be taxed as costs. The Eleventh Circuit has held that § 1920(1), read in conjunction with 28 U.S.C. § 1921, authorizes a court to tax private process servers' fees as costs, provided that their rates do not exceed the cost of having the U.S. Marshal's Service effectuate service. *W&O, Inc.*, 213 F.3d at 623-24. When the U.S. Marshal's Service serves process, its rate is $65 per hour for each item served, plus travel costs and any other out-of-pocket expenses. *See* 28 C.F.R. § 0.114(a)(3) (setting costs for service of process).

Defendant seeks reimbursement of $930.00 for the service of a large number of subpoenas [DE 253-1 at 5-57; DE 253-2 at 2].  Where the charges were less than the amount charged by the U.S. Marshall, that is the amount the Court grants.  Some of the charges exceed the amount charged by the U.S. Marshal.  Defendant has not established that the U.S. Marshall would have charged the increased amount for service of these subpoenas.  The Court will, therefore, limit the recoverable amount to $65 for those witnesses.  Therefore, Defendants are entitled to a total of $885.00 for the cost of service under § 1920 as follows:

1.    St. Mary's Billing Records Custodian              $55;

2.    Palms West Hospital Billing Records Custodian     $55;

3.    Woodlake Nursing and Rehab Records Custodian      $55;

4.    Lawnwood Regional Medical Records Custodian       $65;

5.    Lawnwood Regional Radiology Records Custodian     $65;

6.    Lawnwood Regional Billing Records Custodian       $65;

4

7.   Palms West Radiology Records Custodian          $55;

8.   Palms West Medical Records Custodian            $55;

9.   Fla Inst for Neurologic Rehab Records Custodian  $65;

10.  St. Mary's Med Center Medical Records Custodian  $55;

11.  St. Mary's Med Center Radiology Records Custodian $55;

12.  Regal Movie Theatre Records Custodian            $55;

13.  Checkers Records Custodian                       $55;

14.  Okeechobee Healthcare Facility Records Custodian  $65

15.  Division of Workers Compensation                 $65.

Under 28 U.S.C. § 1920(2), taxable costs may include "[f]ees for printed **or** electronically recorded transcripts necessarily obtained for use in the case." (Emphasis added). The Eleventh Circuit has held that the taxation of deposition costs falls within the parameters of this section. *United States Equal Employment Opportunity Commission v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000).  However, "where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Id*.

KSS seeks a total of $5,550.87 for transcripts [DE 253-2 at 2].  Plaintiff argues that KSS has included non-recoverable costs relating to the depositions [DE 256 at 7].  While KSS's exhibits indicate that certain impermissible charges like shipping and handling are included in the total being charged for a transcript, in fact, this appears to be the result of a  negotiated price between KSS and the reporter.  The total KSS paid for each transcript, even including these extra amounts, was very much less than the amounts co-defendant Ford paid for the same transcripts,

without these extras. [DE 252-1 at 40 et. seq.]. The only transcript where KSS paid more than

Ford was for the Ward transcript, which included an e-transcript and a rough draft.  KSS paid

$1,055.90 and Ford paid $980.  The Court will reduce KSS's reimbursement for the Ward

transcript to $980.  The Court will award KSS $5,474.97 in transcript costs.

Photocopies are considered a taxable cost pursuant to 28 U.S.C. § 1920 if they are

necessarily obtained for use in the case. KSS has appended copies of invoices to its motion [DE

253-1 at 48-52]. Plaintiff objects to these as KSS has not given any explanation as to what they

are.  Plaintiff argues that there is no way to determine whether these copies were necessary or

simply for convenience. First, the Court notes that of the total sought by KSS, $11,400.00 was

for daily trial transcripts. Such transcripts are solely for the attorneys' convenience and to aid in

their preparation during trial.  This amount shall not be allowed. As to the rest, the Court agrees

with Plaintiff and declines to award KSS the $8,701.27 it seeks in printing costs.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Key Safety

Systems, Inc.'s Motion to Tax Costs [**DE 253**] is **GRANTED IN PART AND DENIED IN**

**PART**.  The Court will separately enter judgment for Defendant in the amount of $6,359.97,

consisting of $0 for fees of the Clerk; $885.00 for service of summonses and subpoenas;

$5,474.97 for transcripts; and $0 for printing and copying.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 13th day of January, 2015.

KENNETH A. MARRA
United States District Judge